IN

# THE SUPREME COURT

OF

## THE STATE OF LOUISIANA.

---

**WESTERN DISTRICT.**
### ALEXANDRIA, OCTOBER, 1831.

---

### JEUNE (F. W. C.) *vs.* HEIRS OF JEFFRIEN.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE
SEVENTH PRESIDING.

The clerks of courts have no authority given them to grant appeals; and the exercise of such an authority is an unwarrantable assumption of power and a nullity.

Where the order granting an appeal is a nullity, the appellee may file his exceptions to dismiss the appeal at any time before the cause is called for argument.

WESTERN DIST.
*October*, 1831.

JEUNE
*vs.*
HEIRS
OF JEFFRIEN.

In this case the appeal was granted by the clerk of the District Court for the parish of Avoyelles.

*Boyce,* for plaintiff; filed exceptions to the insufficiency of the order granting the appeal, and on the trial moved to have it dismissed.

*Flint,* for the defendant, opposed the motion. He urged, that an agreement had been made with the plaintiff's counsel

WESTERN DIST.
October, 1831.

JEUNE
*vs.*
HEIRS
OF JEFFRIEN.

at the last term, that this cause should be argued by brief in the vacation ; that this agreement was equivalent to putting the case at issue, and to have it argued on the merits ; consequently the invalidity of the appeal was waived.

*Porter, J.* delivered the opinion of the court.

An attempt has been made to bring this case before us, by an order of the clerk of the court where the cause was tried. He granted the appeal on the allegation of the appellant, supported by his affidavit, that there was at the time the petition was presented, no judge of the District Court within the parish or district.

The clerks of courts have no authority given them to grant appeals ; and the exercise of such an authority is an unwarrantable assumption of power and a nullity.

A motion is made to dismiss the case on the ground of the appeal not having been allowed by the proper authority. There is no doubt this motion is properly made, and well founded in law. The act of the clerk was a very unwarrantable assumption of power. The only question is whether the exception is presented in proper time. The appellant contends it is not, as the appeal was returnable at last term, and the exception was not filed until the first day of the present session of the court. *Code of Practice, art.* 886, 891.

Where the order granting an appeal is a nullity, the appellee may file his exceptions to dismiss the appeal at any time before the cause is called for argument.

The articles of our Code of Practice cited by the appellant, speaks of cases where an appeal has been granted, and do not apply to one like this where no such order has been obtained. The whole proceeding is a nullity, and we are without jurisdiction to examine the cause on its merits. No express assent to waive the judge's *fiat* is shown here. There is not even a joinder of errors from which that assent might be implied. The agreement of counsel at the last term to argue this cause by brief, in consequence of the sickness of the gentleman representing the appellee, cannot be considered as an abandonment on the part of the latter, of the objection now made.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.